UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PATRICIA ANN VOLZ et al.,

        Plaintiffs,

        v.                                    Case No. 24-C-928

ERIC DUANE BRUCE et al.,

        Defendant.

---

## ORDER DENYING MOTION TO DISMISS

---

Plaintiffs filed this negligence action against (1) Eric Duane Bruce; (2) ELA Aviacion, SL (ELA SL); (3) ELA Aviation USA, Inc. (ELA USA); (4) EC Air, LLC; and (5) Experimental Aircraft Association, Inc. The ELA Defendants now move to dismiss the complaint under Fed. R. Civ. P. 12(b)(2) and 12(b)(6). Dkt. No. 18. ELA SL moves to dismiss under Rule 12(b)(2), arguing the court lacks personal jurisdiction over it. *Id*. And both ELA Defendants move to dismiss under Rule 12(b)(6), arguing the complaint fails to state a claim against them. *Id*. Plaintiffs object. Dkt. No. 31. For the reasons that follow, the court will deny the motion.

### LEGAL STANDARD

A motion to dismiss under Rule 12(b)(2) challenges whether the court has personal jurisdiction over the defendant. Normally, a "complaint need not include facts alleging personal jurisdiction." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (quoting another source). But once a defendant moves to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of demonstrating [its existence]." *Id*. A district court has several options at this juncture. It may hold an evidentiary hearing, requiring the plaintiff to

prove personal jurisdiction by a preponderance of the evidence. *Id*. Or it may decide the question based on the written materials, which changes the burden to a prima facie case of personal jurisdiction. *Id*. A plaintiff must do more than rely on the allegations, however—it must submit "affirmative evidence supporting the exercise of jurisdiction." *Id*. And, if the court makes its decision based only on the written materials, "the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Id*. (quoting another source).

A motion to dismiss under Rule 12(b)(6), by contrast, attacks the legal sufficiency of the plaintiff's claims. Rule 8 mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint must contain factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he or she must plead "more than labels and conclusions." *Id.* A simple, "formulaic recitation of the elements of a cause of action will not do." *Id.* In evaluating a motion to dismiss, the court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable to the plaintiff. *See Yasak v. Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004). With these legal standards in mind, the court turns to the facts relevant to the present motion.

**BACKGROUND**

Every year, the EAA holds an air show in Oshkosh, Wisconsin. The EAA AirVenture is an annual, week-long event held at Wittman Regional Airport in which pilots and aircraft enthusiasts from around the world gather to enjoy aviation-related activities and exhibitions. In 2022, 2023, and 2024, ELA SL had an exhibit booth at the show. Declaration of Paul Peldyak, Dkt. No. 30 ¶ 5. According to the allegations of the complaint, which must be accepted as true for

2

purposes of deciding a Rule 12(b)(6) motion to dismiss, ELA SL designs, manufactures, and sells the Eclipse 10 Gyrocopter and promotes this aircraft (and others) at various trade shows such as the EAA's Oshkosh event.  Indeed, it says so on its website.  *See id*. ¶ 8 ("With great enthusiasm and with the desire to return to the American market, we went to the Sun N Fun event in Florida.  We took the opportunity to bring ELA's latest creation, the Eclipse EVO, which caused a lot of expectation among visitors to our stand.  We appreciate the support of our American customers, . . . See you in Oshkosh!").

The relevant factual allegations concern the 2023 Oshkosh air show.  At that event, Defendant Eric Duane Bruce—who owned an Eclipse 10 Gyrocopter and was an authorized ELA dealer—elected to fly in the "Fun Fly Zone."  This flying zone was for lighter, specialty aircraft, including gyrocopters like Bruce's.

Bruce flew in the zone on Thursday, Friday, and Saturday, and attended daily briefings on those days.  The daily briefings included safety information, such as rules against performing 360-degree maneuvers in the traffic pattern.  Bruce did not heed this warning, and on Friday performed such a maneuver, coming dangerously close to the aircraft behind him.  The pilot of that aircraft exchanged words with Bruce afterwards.

Bruce flew again the next day.  As he did on Friday, he performed another prohibited 360-degree maneuver.  The tragedy giving rise to this lawsuit followed.  The aircraft behind him—a black Rotorway F162 Helicopter—was attempting to land when Bruce made the maneuver.  Bruce collided with the Rotorway which caused it to fall 300 feet and, upon impact, burst into flames.  Both the pilot, Mark Peterson, and passenger, Thomas Volz, died from the flames.

This tragedy led to the present claims, brought by the men's spouses—Patricia Ann Volz and Margaret Peterson—on behalf of themselves and the estates.  They alleged negligence against

Bruce and vicarious/joint venture liability against the ELA Defendants because Bruce was an agent and/or employee of the two entities acting within the scope of such agency or employment at the time of the crash.

**ANALYSIS**

ELA SL now moves to dismiss for lack of personal jurisdiction, and both ELA Defendants move to dismiss for failure to state a claim. The court will address both in turn.

**A. Personal Jurisdiction**

ELA SL argues that the court lacks personal jurisdiction over it because it has no legal connection to Wisconsin or even the United States generally. An ELA SL corporate representative, Daniel Fernandez Luengo, submitted a declaration stating that: all members of the company (the Spanish equivalent of an LLC) reside in Spain; no ELA SL officers, directors, members, employees, or agents reside in the United States; the company does not have any facilities or offices in the United States; it does not have any bank accounts or property in Wisconsin; it does not advertise in Wisconsin; and, although it was present at the 2023 EAA air show, it was not selling its gyrocopters at the event. Declaration of Daniel Fernandez Luengo, Dkt. No. 19-1.

Plaintiffs countered this evidence with the declaration of Paul Peldyak, a Wisconsin licensed detective. Peldyak declared the following: he served an ELA manager in Wisconsin; he personally observed that ELA SL hosted an exhibit booth at the EAA air show in 2022, 2023, and 2024 (he also included exhibits proving this); ELA's booth displayed several aircraft; in 2023, Bruce was an official US dealer for ELA SL in Tennessee and North Georgia; and ELA SL posted on its website about its appearance at an air show in Florida (which involved the exact same booth

as the one at the EAA's show) and told readers that it would see them in Oshkosh.  Palydek Dec. ¶¶ 1–8.

Questions of personal jurisdiction take two dimensions, one statutory and the other constitutional. First, because no "federal statute authorizes nationwide service of process," personal jurisdiction "is governed by the law of the forum state." *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012) (citing Fed. R. Civ. P. 4(k)(1)(a)).  "The court's exercise of jurisdiction over the defendant must be authorized by the terms of the forum state's personal-jurisdiction statute." *Id*.

Beyond the forum state's personal jurisdiction rules, a federal court must also ensure that exercising such jurisdiction over the defendant comports "with the requirements of the Fourteenth Amendment's Due Process Clause." *Id*.  This inquiry seeks to ensure that the defendant "has sufficient minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id*. at 673 (quoting another source) (cleaned up).  Personal jurisdiction may be either general or specific.  Plaintiffs allege the latter.

"[A] court's exercise of specific jurisdiction requires that the defendant's contacts with the forum state relate to the challenged conduct." *Id*.  This general rule can be distilled into three requirements: (1) "the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state"; (2) "the alleged injury must have arisen from the defendant's forum-related activities"; (3) "the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Id*.

The court finds both that Wisconsin law and the Due Process Clause authorize personal jurisdiction over ELA SL.  Beginning with Wisconsin law, it has a long-arm statute that permits personal jurisdiction over a defendant "[i]n any action claiming injury to person or property within

5

or without this state arising out of an act or omission within this state by the defendant." Wis. Stat. § 801.05(3). This provision "has been interpreted to confer jurisdiction 'to the fullest extent allowed under the due process clause.'" *Felland*, 682 F.3d at 678 (quoting another source); *see Kopke v. A. Hartrodt S.R.L.*, 2001 WI 99, ¶ 10, 245 Wis. 2d 396, 629 N.W.2d 662 ("Wisconsin's long-arm statute is liberally construed in favor of jurisdiction.").

The court concludes that § 801.05(3) authorizes personal jurisdiction over ELA SL. It is undisputed that the claimed injury and alleged negligence took place in Oshkosh, Wisconsin. The complaint alleged that Bruce was an agent and/or employee of ELA SL who was acting within the scope of his agency/employment at the time of the crash. Indeed, it alleges that Bruce staffed the ELA SL booth at the show. ELA SL did not submit evidence to the contrary—it simply argues that it does not have offices here and did not attend the air show to sell its aircraft. That, however, is not the issue—the issue is whether the alleged injury arose out of the defendant's actions within the State of Wisconsin. The complaint clearly alleges that the injury arose out of the marketing activities of ELA SL at the EAA airshow. Accordingly, the court concludes that Wisconsin's long-arm statute, which is "liberally construed in favor of the exercise of jurisdiction," confers personal jurisdiction over ELA SL. *Kopke*, 245 Wis. 2d 396, ¶ 21.

The court comes to the same conclusion regarding due process. Based on the evidence submitted to the court, there is no dispute that ELA SL attended the air show and had an exhibit booth with multiple aircraft. It said so on its website. Peldyak Dec. ¶ 8. ELA SL argues that it did not "sell" any gyrocopters at the event but that does not matter. One does not need to physically sell a product to conduct business—indeed, the company's website refers to returning to the "American market" and expressed appreciation from its "American customers" which it looked forward to seeing "in Oshkosh!" *Id*. "Markets" and "customers" are business terms; it can hardly

6

be said that ELA SL attended the EAA air show simply for pleasure. Accordingly, the court finds that ELA SL "purposely availed [itself] of the privilege of conducting business in the forum state." *Felland*, 682 F.3d at 673.

The court also concludes that the alleged injury arose "from the defendant's forum-related activities." *Id*. ELA SL is alleged to have manned a booth at the airshow and one of its agents or employees flew the gyrocopter that caused the crash. These allegations are of marketing activities on the part of ELA SL.

And, finally, the court concludes that the exercise of jurisdiction comports "with traditional notions of fair play and substantial justice." ELA SL does not make a specific argument to the contrary, nor could it. "Wisconsin has a strong interest in providing a forum for its residents to seek redress for torts inflicted by out-of-state actors and injuries suffered within the state." *Id*. at 677. ELA SL of course will face the burden of defending an action in the United States, but since it has no difficulty attending the EAA airshow every year and marketing its aircraft there, it is not unfair or unjust to require it to conduct its defense in this State.

Moreover, resolution of the suit in Wisconsin makes the most sense. The accident occurred here, and Plaintiffs sued multiple parties—Bruce, Bruce's affiliated company, the ELA Defendants, and the EAA. To slice off some of the defendants would force plaintiffs to prosecute their claims piecemeal in other venues, and would be burdensome to them and cause another court elsewhere to hear the claims against ELA SL. This would be inefficient and unfair.

Accordingly, the court concludes that both Wisconsin's long-arm statute and the Due Process Clause authorize personal jurisdiction over ELA SL. ELA SL's motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction is denied.

7

Case 1:24-cv-00928-WCG   Filed 11/07/24   Page 7 of 9   Document 35

**B. Failure to State a Claim**

Next, the ELA Defendants argue that the complaint fails to state a claim against them. Recall, the complaint alleges two theories. The first is that the ELA Defendants are vicariously liable for Bruce's negligence because he was an employee acting within the scope of employment. The second is that Bruce and the ELA Defendants engaged in a joint venture and that Bruce's negligence occurred within the scope of the joint enterprise. As to the first theory, the ELA Defendants do not offer any specific arguments that this theory fails to state a claim. There is thus no need for the court to address it further. As for the second theory, the ELA Defendants argue that the complaint does not contain allegations that establish the existence of a joint venture, or that Bruce was acting within the scope of the enterprise when he caused the collision. Their argument is unpersuasive.

Generally speaking, joint venturers are liable for the negligence of their counterparts. *See Brown v. Wis. Natural Gas Co.*, 59 Wis. 2d 334, 349, 208 N.W. 769 (1973); *Schroeder v. Pederson*, 131 Wis. 2d 446, 449, 388 N.W.2d 927 (Ct. App. 1986). To prove a joint venture, a plaintiff must establish four elements: "(1) contribution of money or services by each of the parties; (2) joint proprietorship and mutual control over the subject matter of the venture; (3) an agreement to share profits; and (4) an express or implied contract establishing the relationship." *Servicios Especiales Al Comercio Exterior v. Johnson Controls, Inc.*, 791 F. Supp. 2d 626, 634 (E.D. Wis. 2011).

Without explaining why or how, the ELA Defendants argue that the plaintiffs "have failed to plead adequate facts" to establish the existence of a joint venture. To the contrary, the complaint pleads facts to establish each and every necessary element. The complaint alleges: (1) the contribution of money or services by each of the parties (¶64); (2) joint proprietorship and mutual

control over the subject matter of the venture (¶¶ 63, 68); (3) an agreement to share profits (¶¶ 65, 67); and (4) an express or implied contract establishing the relationship (¶ 66). Although a plaintiff must plead more than the bare elements of a cause of action, they need not put forth a tome. The complaint here plausibly alleges each of the elements, telling a story that Bruce and the ELA Defendants had a joint venture to sell gyrocopters and gyrocopter training, in part, through Bruce's offers to prospective purchasers to take a ride in one of the aircraft. The allegations of the complaint may ultimately prove false or mistaken, but a Rule 12(b)(6) motion to dismiss is not the proper vehicle for challenging them. The complaint plausibly alleges that Bruce and the ELA Defendants engaged in a joint venture. No more is required.

## CONCLUSION

For the reasons stated above, the court **DENIES** the ELA Defendants' Motion to Dismiss (Dkt. No. 18).

Dated at Green Bay, Wisconsin this 6th day of November, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge